16-4094
Hossain v. Sessions

BIA
A200 815 894

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of January, two thousand eighteen.

PRESENT:
> GUIDO CALABRESI,
> JOSÉ A. CABRANES,
> GERARD E. LYNCH,
>> *Circuit Judges.*

_____

MON JUR HOSSAIN, AKA RASSEL BHUIYAN,
> *Petitioner,*

v.                                      16-4094
                                        NAC

JEFFERSON B. SESSIONS, III,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Khagendra Gharti-Chhetry, New
                       York, NY.

FOR RESPONDENT:        Chad A. Readler, Acting Assistant
                       Attorney General; Carl McIntyre,
                       Assistant Director; Brooke M.
                       Maurer, Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mon Jur Hossain, a native and citizen of Bangladesh, seeks review of a November 10, 2016, decision of the BIA denying Hossain's motion to reopen his removal proceedings. *In re Mon Jur Hossain,* No. A200 815 894 (B.I.A. Nov. 10, 2016). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen "for abuse of discretion." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). We review the BIA's factual findings regarding country conditions under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008). Hossain concedes that his motion to reopen, filed almost two years after the BIA's decision affirming his removal, is untimely under the 90-day deadline for such motions. *See* 8 U.S.C. § 1229a(c)(7)(A)(C)(i).

However, he argues that the time limitation does not apply because he sought reopening to re-apply for asylum, withholding of removal, and relief under the Convention

2

Against Torture ("CAT") based on new events in Bangladesh. Specifically, he alleged that the Bangladeshi government (led by the Awami League) filed false charges against him because it perceives him to be affiliated with an Islamist political party (the Jamaat Party). A motion to reopen to apply for asylum is exempt from the time limitation if it is filed to apply for asylum "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceedings." 8 U.S.C. § 1229a(c)(7)(C)(ii). In addition to establishing a change in conditions, reopening is warranted only if a movant establishes his "*prima facie* eligibility for asylum, *i.e.*, a realistic chance that he will be able to establish eligibility." *Poradisova v. Gonzales*, 420 F.3d 70, 78 (2d Cir. 2005) (internal quotation marks omitted). The BIA did not err in finding that Hossain failed to establish his prima facie eligibility.

To establish eligibility for relief based on future harm, an applicant must show that his fear is objectively reasonable. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). The BIA reasonably concluded that Hossain

3

did not produce reliable evidence as needed to meet his burden. Hossain offered documents purportedly showing that the Bangladeshi government falsely charged him for participating in riots. The BIA reasonably concluded that the reliability of the documents was undermined by the fact that Hossain was found not credible in the underlying proceedings. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147 (2d Cir. 2007). Hossain argues that his motion was based on a claim independent of the grounds on which he was found not credible. Hossain's reliance on *Paul v. Gonzales* is misplaced because there the agency had made only a partial adverse credibility ruling. 444 F.3d 148, 150 (2d Cir. 2006). Here, in contrast, the agency did not find Hossain credible in any respect and the underlying adverse credibility determination supports the BIA's refusal to credit documents on a motion to reopen, particularly when, as here, the reliability of those documents rests on the alien's credibility. *See Qin Wen Zheng*, 500 F.3d at 147.

In addition, the reliability of the documents was further undermined by Hossain's failure to authenticate them by any means and by inconsistencies within the documents. Hossain offered no evidence that the documents actually came from Bangladesh. Although the documents are

4

notarized, Hossain did not explain who obtained the documents, who had the documents notarized, or how he received the documents in the United States. *Id*. at 149 (upholding BIA decision not to credit document questionable on its face and supported only by family member's affidavit). The documents were also internally inconsistent: some charged Hossain with participating in a riot on November 23, others said November 26, and others contained additional dates that went unexplained. Because Hossain offered no explanation of the documents or how they related to one another, the BIA's inference that documents were contradictory was reasonable. *See Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous. Rather, a reviewing court must defer to that choice so long as the deductions are not illogical or implausible." (internal citations and quotation marks omitted)).

Given that the BIA reasonably declined to credit these documents, it did not abuse its discretion in concluding that Hossain failed to show his prima facie eligibility for asylum, i.e., that he had an objectively reasonable fear of future persecution. *See Ramsameachire*, 357 F.3d at 178;

5

*Poradisova*, 420 F.3d at 78.  This failure to meet the standard for asylum necessarily means he did not show his prima facie eligibility for withholding of removal and CAT relief.  *See Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk